**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES ELLENBECKER and VALENTIN RAMOS, Individually, and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>NORTH STAR CABLE CONSTRUCTION, INC., CHRISTINE LEE, COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>      Defendants. | Case No. 09-CV-7293<br><br>Judge George W. Lindberg<br><br>Magistrate Judge Michael T. Mason |

**DEFENDANTS COMCAST CORPORATION'S AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC'S,
AMENDED <u>ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

Defendants COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, (collectively, "Comcast") by their attorneys and pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), hereby amend their answer Plaintiff's First Amended Complaint ("Complaint"), as follows:

<u>PARTIES</u>

1.     Plaintiff Charles Ellenbecker is a resident of Cook County, Illinois and worked as a non-exempt technician for Defendants located in the State of Illinois, during the applicable statute of limitations period.

<u>**ANSWER:**</u>  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff Charles Ellenbecker is a resident of Cook County. Comcast denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Plaintiff Valentin Ramos is a resident of Cook County, Illinois and worked as a non-exempt technician for Defendants located in the State of Illinois, during the applicable statute of limitations period.

**ANSWER:**  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff Valentin Ramos is a resident of Cook County.  Comcast denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Plaintiffs bring this case on behalf of themselves and others who currently work, or who worked as a non-exempt technician or other positions performing similar responsibilities for the Defendants in the State of Illinois at any time during the three-year period immediately preceding the filing of the original complaint (hereinafter "Statutory Period").

**ANSWER:**  Comcast admits only that plaintiffs have filed the instant lawsuit on behalf of themselves and purport to bring the instant lawsuit on behalf of a class of other individuals, as alleged in Paragraph 3 of the Complaint.  Comcast denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendant North Star Cable Construction, Inc. ("North Star") is an Illinois Corporation with its offices located in Chicago, Illinois.

**ANSWER:**  Comcast admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant Christine Lee ("Lee") is an individual residing in Lake Forest, Illinois. Lee is the President and owner of North Star.

**ANSWER:**  Comcast admits the allegations contained in Paragraph 5 of the Complaint.

6.     Defendants Comcast Corporation and Comcast Cable Communications Management, LLC ("Comcast") are providers of cable, entertainment and communications products and services in the state of Illinois.

**ANSWER:**  Comcast admits the allegations contained in Paragraph 6 of the Complaint.

7.     Defendants are in the business of installing and servicing cable television services in the state of Illinois.  Defendants Comcast Corporation and Comcast Cable Communications Management, LLC employed the services of Defendant, North Star on a contract basis.  North Star, in turn, employed Plaintiff and class members and until March 2009, classified them as independent contractors.  Beginning in March 2009, Defendants reclassified Plaintiffs and class members as employees.

**ANSWER:**  Comcast admits only that: (i) it is a national provider of broadband cable services and that it offers a variety of entertainment, information and communication services to residential and commercial customers; and (ii) that Comcast Cable Communications Management, LLC has entered into a contract with North Star for the performance of certain services and that this contract, being a written document, speaks for itself.  Comcast denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.     At all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore are "employers" within the meaning of state and federal wage laws.  Defendants are jointly and severally liable for the unpaid wages and relief sought in this lawsuit.  In support of Defendants' joint employer status, Plaintiffs further states as follows:

a.     North Star exclusively received work orders from Comcast;

b.  North Star, the Plaintiffs and class members all performed identical duties and services as Comcast in the same industry and core business;

c.  All customers serviced by North Star are first customers of Comcast;

d.  North Star's only contact with customers is through its contact and relationship with Comcast;

e.  North Star vehicles have displayed signs identifying Comcast;

f.  Plaintiff and class members wore uniforms featuring the Comcast name and logo;

g.  Comcast provided Plaintiff and the Class with Comcast identification cards; and,

h.  Comcast provided North Star with all the necessary supplies and equipment to provide cable services to Comcast customers.

**ANSWER:** The allegations contained in Paragraph 8 of the Complaint contain legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Comcast admits that Comcast Cable Communications Management, LLC has entered into an agreement with North Star. This agreement, being a written document, speaks for itself. Except as expressly admitted herein, Comcast denies the allegations contained in Paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9.  Plaintiffs are employed by Defendants as technicians.

**ANSWER:** Comcast denies the allegations contained in Paragraph 9 of the Complaint.

10.  Defendants managed Plaintiffs' work, including the amount of hours worked by their technicians. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

**ANSWER:** Comcast denies the allegations contained in Paragraph 10 of the Complaint.

11. Prior to March, 2009, Plaintiffs and all class members were improperly classified by Defendants as independent contractors and were paid a piece rate contingent on the amount of jobs completed by each technician on a weekly basis. At all times, Defendants maintained direct supervisory authority over Plaintiffs and all class members.

**ANSWER:** Comcast denies the allegations contained in Paragraph 11 of the Complaint.

12. Beginning in or around March 2009, Plaintiffs and all class members were classified by Defendants as non-exempt employees under Illinois state wage and hour laws and purportedly paid an hourly rate. In actuality, Defendants failed to make or maintain any records of the time worked by their technicians and paid them a piece rate that was contingent on the amount of jobs completed by each technician on a weekly basis. The job duties and responsibilities of Plaintiffs did not change when they were classified as employees beginning in or around March 2009.

**ANSWER:** Comcast denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendants also improperly deducted monies from wages of Plaintiffs and class members, including but not limited to charges for insurance, meter rental, Nextel phones, uniforms, tools and other equipment and work order errors/charge backs, amongst other things.

**ANSWER:** Comcast denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendants provided Plaintiffs and class members with work orders on a daily basis. Plaintiffs and class members traveled to customers' homes to install or service cable television and complete their work orders. At the close of each job, Plaintiffs and class members were required to report back to the Defendants and inform them that the job had been completed.

**ANSWER:** Comcast admits only that North Star's technicians performed services as directed by North Star and that such services included the travel to customers' homes in order to perform installations or other services per the applicable work order. Comcast denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants suffered and permitted Plaintiffs and class members to regularly work more than 40 hours per week without proper overtime compensation. Plaintiffs and class members routinely worked in excess of eight hours per day six or seven days per week driving to customers' homes and completing work orders.

**ANSWER:** Comcast denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendants failed to keep proper records of the time worked by Plaintiffs and class members in direct violation of Illinois and federal laws.

**ANSWER:** Comcast denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendants knew and were aware that at all times, Plaintiffs and class members routinely worked more than 40 hours per week. Nonetheless, Defendants failed to properly pay Plaintiffs and class members for all overtime hours actually worked.

**ANSWER:** Comcast denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendants' practices violated the provisions of Illinois wage and hour law. As a result of Defendants' unlawful practice, the Defendants benefited from reduced labor and payroll costs.

**ANSWER:** Comcast denies the allegations contained in Paragraph 18 of the Complaint.

19.     Plaintiffs and class members were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation and to reduce their wages through improper deductions. As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of Illinois and federal wage and hour laws, Plaintiffs suffered lost wage and other damages.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 19 of the Complaint.

## CLASS ALLEGATIONS

20.     Representative Plaintiffs bring claims for relief on their own and as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.  The class is defined as:

> "All individuals who are currently employed or were employed by the one or more of the Defendants, its subsidiaries or affiliated companies, in the state of Illinois as technicians or other positions performing similar responsibilities for the Defendants at any time during the relevant statute of limitations period."

**ANSWER:**  Comcast admits only that plaintiffs have filed the instant lawsuit on behalf of themselves and purport to bring the instant lawsuit on behalf of a class of other individuals pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 5/2-802, as alleged in Paragraph 20 of the Complaint.  Comcast denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     This action is properly maintainable as a class action under §2-801 because:

   a.     The class is so numerous that joinder of all members is impracticable,

   b.     There are questions of law or fact that are common to the class,

   c.     The claims or defenses of the representative parties are typical of the claims or defenses of the class, and,

      d.    The Representative Plaintiff will fairly and adequately protect the interests of the class.

**ANSWER:** Comcast denies the allegations contained in Paragraph 21 of the Complaint.

### Numerosity

22.    On information and belief, the total number of putative class members represents at least one hundred individuals. The exact number of class members may be determined from Defendants' records.

**ANSWER:** Comcast admits only that the number of putative class members exceeds 50 individuals and that North Star's records will reveal the exact number of class members. Except as expressly admitted herein, Comcast denies the allegations contained in Paragraph 22 of the Complaint.

### Commonality

23.    There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

      a.    Whether Defendants failed to keep true and accurate time records for all hours worked;

      b.    Whether Defendants failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

      c.    Whether Defendants improperly deducted wages from class members pay for improper charges;

      d.    Whether Defendant improperly classified class members as independent contractors prior to March 2009;

      e.    Whether Defendants failed to compensate class members for all work performed in excess of 40 hours per workweek with overtime premium wages; and,

      f.    Whether the Defendants willfully failed to comply with state wage and hour laws.

**ANSWER:** Comcast denies the allegations contained in Paragraph 23 of the Complaint.

24.     Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

**ANSWER:** Comcast denies the allegations contained in Paragraph 24 of the Complaint.

### Adequacy

25.     The Representative Plaintiffs will fairly and adequately protect the interests of the class. They have retained experienced counsel that is competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

**ANSWER:** Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

### Typicality

26.     The claims asserted by the Representative Plaintiffs are typical of the class members they seek to represent. The Representative Plaintiffs have the same interests and suffer from the same injuries as the class members.

**ANSWER:** Comcast denies the allegations contained in Paragraph 26 of the Complaint.

27.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

**ANSWER:** Comcast denies the allegations contained in Paragraph 27 of the Complaint.

### Superiority

28.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.  Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudication, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

**ANSWER:** Comcast denies the allegations contained in Paragraph 28 of the Complaint.

### COUNT I
### VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (820 ILCS §§11:5 et seq.)

29.    Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:** Comcast restates and incorporates by reference its answers to Paragraphs 1 through 28 of plaintiffs' Complaint as if fully set forth herein.

30.    Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

**ANSWER:** The allegations contained in Paragraph 30 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Comcast states that 735 ILCS §§ 5/2-801 and 5/2-802 speak for themselves.

31. Section 2 of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties ..."

**ANSWER:** Comcast admits that Paragraph 31 of the Complaint accurately quotes a portion of Section 2 of the IWPCA.

32. Section 4 of the IWPCA, 820 ILCS § 115/4, provides that every employer shall pay, "All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

**ANSWER:** Comcast admits that Paragraph 32 of the Complaint accurately quotes a portion of Section 4 of the IWPCA.

33. Section 5 of the IWPCA, 820 ILCS § 115/5, provides that, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

**ANSWER:** Comcast admits that Paragraph 33 of the Complaint accurately quotes a portion of Section 5 of the IWPCA.

34. Defendants violated the IWPCA when they improperly deducted wages from Plaintiffs and other class members' pay for improper charges.

**ANSWER:** Comcast denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants also willfully failed to pay overtime pay and other benefits to Plaintiffs and class members.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 36 of the Complaint.

37.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and class members have suffered and will continue to suffer lost wages and other damages.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 37 of the Complaint.

38.     Plaintiffs and class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief for the Illinois state sub-class.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT II
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW
### (820 ILCS §§105 *et seq*.)

39.     Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:**  Comcast restates and incorporates by reference its answers to Paragraphs 1 through 38 of plaintiffs' Complaint as if fully set forth herein.

40.     Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

**ANSWER:**  The allegations contained in Paragraph 40 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Comcast states that 735 ILCS §§ 5/2-801 and 5/2-802 speak for themselves.

41.    Defendants are "employers" and Plaintiffs and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq.*

**ANSWER:**  The allegations contained in Paragraph 41 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Comcast denies the allegations contained in Paragraph 41 of the Complaint.

42.    The IMWL, 820 ILCS §§105 *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 10514(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week.  Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

**ANSWER:**  The allegations contained in Paragraph 42 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Comcast states that 820 ILCS § 105/1, *et seq.* speaks for itself.

43.    Defendants violated IMWL, 820 ILCS §§105 *et seq.*, by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants also willfully failed to pay overtime pay and other benefits to Plaintiffs and class members.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 44 of the Complaint.

45.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and class members have suffered and will continue to suffer lost wages and other damages.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 45 of the Complaint.

46.     Plaintiffs and class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief for the Illinois state sub-class.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 46 of the Complaint.

**COUNT III**
**UNJUST ENRICHMENT**

47.     Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:**  Comcast restates and incorporates by reference its answers to Paragraphs 1 through 46 of plaintiffs' Complaint as if fully set forth herein.

48.     The performance of work by Plaintiffs and class members as set forth above conveyed a benefit to Defendants which it knowingly received.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants are not entitled to this benefit without payment and to retain such benefits without payment would be unjust to named Plaintiffs and class members.  As a matter of equity, Defendants should not be allowed to prosper at the expense of Plaintiffs and class members.

**ANSWER:** Comcast denies the allegations contained in Paragraph 49 of the Complaint.

50.     Plaintiffs and class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by Plaintiffs' performance of work described herein.

**ANSWER:** Comcast denies the allegations contained in Paragraph 50 of the Complaint.

**COUNT IV**
**QUANTUM MERUIT**

51.     Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:** Comcast restates and incorporates by reference its answers to Paragraphs 1 through 50 of plaintiffs' Complaint as if fully set forth herein.

52.     The performance of work by Plaintiffs and class members as set forth above conveyed a benefit to Defendants which it knowingly received.

**ANSWER:** Comcast denies the allegations contained in Paragraph 52 of the Complaint.

53.     Plaintiffs and class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by Plaintiffs' performance of work described herein.

**ANSWER:** Comcast denies the allegations contained in Paragraph 53 of the Complaint.

**COUNT V**
**BREACH OF IMPLIED CONTRACT**

54.     Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:** Comcast restates and incorporates by reference its answers to Paragraphs 1 through 53 of plaintiffs' Complaint as if fully set forth herein.

55.     Defendants entered into an implied contract with Plaintiffs and class members to pay them for wages for all work done and time spent for Defendants' benefit.

**ANSWER:** Comcast denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants breached this implied contract by failing to pay Plaintiffs and class members all the wages due for the benefits provided to Defendants.

**ANSWER:** Comcast denies the allegations contained in Paragraph 56 of the Complaint.

57.     Plaintiffs and class members were all "at will" employees. The law implies that a contract for payment of wages existed by the very nature of the employee/employer relationship.

**ANSWER:** Comcast denies that plaintiffs and the putative class members are or were employed by Comcast. The remaining allegations contained in Paragraph 57 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Comcast states that the applicable law speaks for itself.

58.     Defendants used a common scheme which caused Plaintiffs and class members not to be paid for all work performed and other wages due. Defendants' common course of conduct constituted a breach of implied contract.

**ANSWER:** Comcast denies the allegations contained in Paragraph 58 of the Complaint.

59.     Plaintiffs and class members were injured by Defendants' breach of implied contract to pay wages due.

**ANSWER:** Comcast denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants' actions were intentional, willful, malicious and in reckless disregard for the rights of Plaintiffs and class members.

**ANSWER:** Comcast denies the allegations contained in Paragraph 60 of the Complaint.

## COUNT VI
## FAIR LABOR STANDARDS ACT
## (29 U.S.C. 201 *et seq.*)

61.    Individual Plaintiffs Ellenbecker and Ramos incorporate by reference all preceding paragraphs.

**ANSWER:**  Comcast restates and incorporates by reference its answers to Paragraphs 1 through 60 of plaintiffs' Complaint as if fully set forth herein.

62.    Individual Plaintiffs Ellenbecker and Ramos assert claims for unpaid overtime pursuant to 29 U.S.C. 201 *et seq.*, commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

**ANSWER:**  Comcast admits only that plaintiffs purport to allege claims for unpaid overtime under the FLSA.  Except as expressly admitted herein, Comcast denies the allegations contained in Paragraph 61 of the Complaint.

63.    At any and all times relevant hereto, defendants were each an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203(s).

**ANSWER:**  The allegation contained in Paragraph 63 of the Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Comcast admits the allegations contained in Paragraph 63 of the Complaint.

64.    At any and all times relevant hereto, defendants were each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

**ANSWER:**  The allegation contained in Paragraph 64 of the Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Comcast denies the allegations contained in Paragraph 64 of the Complaint.

65.    At any and all times relevant hereto, individual Plaintiffs were "employees" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

**ANSWER:**  The allegation contained in Paragraph 65 of the Complaint constitutes a conclusion of law to which no responsive pleading is required.   To the extent a responsive pleading is required, Comcast denies the allegations contained in Paragraph 65 of the Complaint.

66.    Individual Plaintiffs were not paid for all hours worked in excess of 40 in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

**ANSWER:**  Comcast denies the allegations contained in Paragraph 66 of the Complaint.

67.    At all times relevant hereto the action of Defendants to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

      a.    Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week; and,

      b.    Defendants failed to maintain true and accurate time records.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 67 of the Complaint.

68.    As a direct and proximate result thereof, Plaintiffs are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

**ANSWER:**  Comcast denies the allegations contained in Paragraph 68 of the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, CHARLES ELLENBECKER and VALENTIN RAMOS, individually and on behalf of all others similarly situated, by and through their attorneys demand judgment against the Defendants and in favor of the Plaintiffs and all class members, for a sum that will properly, adequately and completely compensate Plaintiff and the putative class for the

nature, extent and duration of their damages, the costs of this action and as follows:

A.  Certify a class for Counts I, II, III, IV and V of all individuals who are currently employed or were employed by the one or more of the Defendants, its subsidiaries or affiliated companies, in the state of Illinois as technicians or other positions performing similar responsibilities for the Defendants at any time during the relevant statute of limitations;

B.  Appoint Stephan Zouras, LLP as class counsel for the Plaintiffs;

C.  Declare and find that the Defendants committed one or more of the following acts:

    i.  Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.* by failing to pay overtime wages to Plaintiffs;

    ii.  Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.* by withholding wages for improper charges; and,

    iii.  Willfully violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS § 115 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.*

D.  Award compensatory damages, including all overtime pay owed and wrongful deductions made, in an amount according to proof;

E.  Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

F.  Award liquidated damages on all overtime compensation due to individual plaintiffs in Count VI brought under the FLSA;

G.  Award all costs and reasonable attorney's fees incurred prosecuting this claim;

H.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

I.  For such further relief as the Court deems just and equitable.

**ANSWER:**  Comcast denies that plaintiffs are entitled to any relief whatsoever, and further

denies the allegations contained in the PRAYER FOR RELIEF Paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, (collectively, "Comcast") by their attorneys, hereby assert the following affirmative and other defenses:

1.     The Complaint and causes of action alleged therein fail to state claims upon which relief can be granted.

2.     If Comcast is found to be a joint employer, which is denied, and to have failed to pay plaintiffs or any putative member of each subclass defined in the Complaint any amount due, which is denied, Comcast acted at all times on the basis of a good faith and reasonable belief that it had complied fully with wage and hour laws. Consequently, Comcast's conduct was not willful within the meaning of the laws.

3.     Plaintiff's claims and those of the putative class members are barred, in whole or in part, because plaintiffs were employees over whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to 49 U.S.C. § 31502, and as a result are exempt employees as defined by the FLSA and applicable state laws.

4.     Plaintiffs' claims and those of the putative class members are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimis* exception to liability.

5.     Plaintiffs' claims and those of the putative class members are barred as to all hours allegedly worked of which Comcast lacked actual or constructive knowledge.

6.     Some or all of plaintiffs' claims are barred to the extent they arose outside the applicable statute of limitations.

7.     Plaintiffs and putative class members are barred from seeking relief to the extent

they have failed to mitigate damages, entitlement to which is expressly denied.

8.      Plaintiffs' claims and those of the putative class members are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, and set-off.

9.      Comcast reserves the right to assert additional defenses that become known through the course of litigation.

WHEREFORE, Comcast respectfully requests that this Court dismiss plaintiffs' Complaint with prejudice, award Comcast its costs and reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated:  September 9, 2010

Respectfully submitted,

COMCAST CORPORATION and
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,


By: */s/ Stephanie Christiansen-LaRocco*
        One of Their Attorneys


Sari M. Alamuddin
Stephanie L. Sweitzer
Stephanie M. Christiansen-LaRocco
MORGAN LEWIS & BOCKIUS, LLP
77 W. Wacker Dr., Fifth Floor
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
salamuddin@morganlewis.com
ssweitzer@morganlewis.com
schristiansen-larocco@morganlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie M. Christiansen-LaRocco, an attorney, certify the foregoing Defendants'
Amended Answer to Plaintiffs' First Amended Complaint and Affirmative and Other Defenses
was filed on September 9, 2010 with the Clerk of the Court by using the CM/ECF system, which
will send a notice of electronic filing to the following:

James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Tel: 312-233-1550
jzouras@stephanzouras.com
rstephan@stephanzouras.com

*/s/ Stephanie Christiansen-LaRocco*
Stephanie M. Christiansen-LaRocco
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Fifth Floor
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
schristiansen-larocco@morganlewis

DB1/65609953.1