# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7293 | **DATE** | 10/17/2011 |
| **CASE TITLE** | Charles Ellenbecker, et al. vs. North Star Cable Construction, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for partial summary judgment against defendants North Star Cable Construction, Inc., and Christine Lee [80] is denied. Status hearing set for 11/9/2011 at 10:00 a.m. No Court appearance is required on 10/19/2011.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiffs have moved for partial summary judgment against defendants North Star and Christine Lee, asserting those defendants "(1) improperly classified them as independent contractors, instead of employees, prior to March 2009 . . . , (2) failed to maintain time records and pay Plaintiffs overtime wages after they reclassified them from independent contractors to employees in March 2009, and (3) made improper deductions from Plaintiffs['] wages in violation of the Illinois Wage Payment and Collection Act ('IWPCA')."

As to independent contractor status, plaintiffs contend that for both the Fair Labor Standards Act and the IWPCA the applicable criteria to be considered are those set forth in Secretary of Labor v Lauritzen, 835 F2d 1529, 1534 (7th Cir 1987). In a case having substantially the same facts as those at bar, the 4th Circuit applied Lauritzen and held that a district court did not err in finding on summary judgment that cable installers were independent contractors. Chao v Mid-Atlantic Installation Services, Inc., 2001 WL 739243 (4th Cir). Although relied upon by defendants, plaintiffs did not address this case in their reply. Based upon this case, the court finds that plaintiffs have not established that there is no factual dispute precluding the entry of judgment in plaintiffs' favor.

The time records and improper deductions issues thus need only be considered for the period from March 2009 to December 2009. Defendants produced some time records for this period. Plaintiffs argue that these records are incomplete and insufficient. The court finds that there are issues of fact that preclude entry of

| | Courtroom Deputy | MG |
|---|---|---|

**STATEMENT**

of summary judgment in plaintiffs' favor. Plaintiffs' argument that defendants violated the IWPCA concerns the period prior to March 2009, when their status as employees or independent contractors remains undetermined. It is therefore at the very least premature, and quite possibly wholly unnecessary, to decide this issue at this time.

For the foregoing reasons, plaintiffs' motion for summary judgment is denied.